Exhibit "A"

GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Geoff La Val (SBN 279987)
glaval@grahamhollis.com
3555 Fifth Avenue, Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff WILLIAM L. MILBURN

E-FILED
3/20/2018 2:47 PM
FRESNO COUNTY SUPERIOR COURT
By: S. Lopez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF FRESNO, CENTRAL DISTRICT

WILLIAM L. MILBURN, individually and on behalf of all other current and former similarly situated and aggrieved employees of DEFENDANTS in the State of California,

Plaintiff,

v.

PETSMART, INC. and DOES 1 THROUGH 50, inclusive,

Defendants.

Case No.: 16CECG03484

Unlimited Civil - Amount Demanded Exceeds $25,000.00

**FIRST AMENDED CLASS ACTION [Cal. Code Civ. Proc. § 382];
PAGA REPRESENTATIVE ACTION
[Lab. Code § 2698 *et seq.*]; and COLLECTIVE ACTION [29 U.S.C. §216(b)] COMPLAINT**

1. Failure to Pay Overtime Wages (Lab. Code §§ 510, 1194, 1198 and IWC Wage Order 5-2001 § 3);
2. Failure to Pay Regular and Minimum Wages (Lab. Code §§ 1197, 1194, 1198 and IWC Wage Order 5-2001 § 4);
3. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, 1198 and IWC Wage Order 5-2001 § 11);
4. Failure to Provide Rest Periods (Lab. Code §§ 226.7, 1198 and IWC Wage Order 5-2001 § 12);
5. Failure to Provide and Maintain Accurate Itemized Wage Statements (Lab. Code § 226);
6. Failure to Pay Wages Due During Employment (Lab. Code §§ 204(a), 1198 and IWC Wage Order 5-2001 § 4);
7. Failure to Pay Wages Due Upon Separation of Employment (Lab. Code §§ 201, 202, 203);
8. Failure to Reimburse Necessary Business Expenses (Labor Code §2802);
9. Failure to Maintain Accurate Records (Lab. Code § 1174);
10. Violation of Business & Professions Code §§ 17200 *et seq.*;
11. Private Attorneys General Act (PAGA) Claim for Civil Penalties (Lab. Code § 2698, *et seq.*);

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1

12. PAGA Claim for Failure to Provide Suitable Seats (Lab. Code §§ 1198, 2698 *et seq.*, and IWC Wage Order 7-2001 § 14); and

13. Violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 207, 211(c), 216(b)).

**- DEMAND FOR JURY TRIAL -**

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

Plaintiff WILLIAM L. MILBURN ("Plaintiff"), individually and on behalf of himself and all other similarly situated and aggrieved employees of PETSMART, INC. ("PetSmart") alleges as follows:

## I.   **INTRODUCTION**

1.      Plaintiff is a former employee of PetSmart.  Plaintiff began employment with PetSmart in April 2012 as a Pets Product Manager and was classified by PetSmart as a "non-exempt" employee for purposes of California's wage and hour laws. Plaintiff later worked as a PetsHotel Manager. At various times throughout Plaintiff's employment with PetSmart as a PetsHotel Manager, Plaintiff was classified as an "exempt" employee for purposes of California's wage and hour laws. Plaintiff's employment with PetSmart ended in November 2015.

2.      Plaintiff brings this action, pursuant to California Code of Civil Procedure § 382 on behalf of a Class of employees currently and formerly employed by PetSmart in the State of California. For at least three (3) years prior to filing this action and through the present, Plaintiff is informed and believes that PetSmart has violated the California Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Order in the manners alleged here. For at least four (4) years prior to filing this action and through the present, Plaintiff is informed and believes that PetSmart has violated California Business & Professions Code §17200, *et seq.* in the manners alleged herein.

3.      Plaintiff brings this action, pursuant to the PAGA as a representative action on behalf of all other aggrieved employees of PetSmart who were employed by PetSmart in the State of California as in its PetsHotel locations. Plaintiff duly exhausted all administrative notice requirements pursuant to the PAGA via his August 19, 2016 correspondence to the California Labor and Workforce Development Agency ("LWDA") providing notice of his intent to bring a representative action for recovery of penalties under the PAGA. PAGA permits an aggrieved employee to bring a lawsuit for civil penalties for California Labor Code violations committed against himself or herself and other current and former employees, to address an employer's violations of the California Labor Code. The 60-day PAGA exhaustion period expired on October 18, 2016.

///

///

///

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

4. Plaintiff brings this action as a Collective Action pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. 201, *et seq.*, for violations of 29 U.S.C. sections 207, 211(c), and seeks unpaid compensation for all hours worked, liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. section 216(b).

5. PetSmart is a Delaware Corporation doing business in the State of California and is a nationwide pet supply retailer and is the largest specialty retailer of pet services. PetSmart provides pet supplies and offers pet training, pet grooming, and pet adoption services.

6. At all relevant times, Defendants were Plaintiff's employer or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, is subject to penalties for each underpaid employee as set forth in Labor Code §§ 558 and 1197.1.

7. Defendants have engaged in a systematic pattern of wage and hour abuse towards Plaintiff and other current and former employees by denying them specific rights afforded to them under California law, including the California Labor Code and rules promulgated by the Industrial Welfare Commission (IWC) Wage Orders. For example, Defendants failed to compensate Plaintiff for all hours worked; failed to provide suitable seats; failed to provide meal periods or pay compensation in lieu thereof; failed to provide rest breaks; and failed to pay minimum and overtime wages. By engaging in these and other acts, Defendants have not complied with California laws.

8. Plaintiff brings this civil action seeking injunctive and monetary relief against Defendants, on behalf of himself and all other aggrieved and similarly situated current and former PetsHotel employees, who were employed by Defendants in the State of California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, penalties, costs and expenses pursuant to California Labor Code §§ 201, 202, 203, 204(a), 218.5, 218.6, 223, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198, 2698, *et seq.*, and 2802. Further, Plaintiff brings this lawsuit seeking restitution and monetary relief against Defendants on behalf of himself individually and on behalf of all similarly situated employees to recover unpaid wages, penalties, liquidated damage, and attorney's fees and costs pursuant to 29 U.S.C. section 216(b). Plaintiff reserves the right to name additional class representatives.

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION
COMPLAINT

## II.   **PARTIES, JURISDICTION, AND VENUE**

9.     Plaintiff is and, at all relevant times, was a resident of Fresno, California located in Fresno County and was employed by PetSmart at the Fresno location.

10.    Defendants' conduct, as herein alleged, occurred in the County of Fresno, California and various counties throughout the State of California. Plaintiff is informed and believes and thereon alleges that Defendants are, and at all relevant times, were authorized to do business and doing business in the State of California, and were Plaintiff's employers as defined in, and subject to, the applicable IWC Wage Order. Plaintiff is also informed and believes, and thereon alleges, that Defendants were Plaintiff's employers as defined in, and subject to, the FLSA.

11.    The true names and capacities of the Defendants named as Does 1 through 50, inclusive, are presently unknown to Plaintiff.  Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitious Defendants when they are ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitious Defendants has participated in the acts alleged in this Complaint.

12.    Plaintiff is an "aggrieved employee" within the meaning of Labor Code § 2699(c) because he was employed by Defendants and suffered one or more of the violations committed by Defendants.

13.    This Court has jurisdiction over Plaintiff's and the represented employees' claims for failure to pay overtime wages under Labor Code §§ 510 and 1194.

14.    This Court has jurisdiction over Plaintiff's and the represented employees' claims for failure to pay minimum wages under Labor Code §§ 1194 and 1197.

15.    This Court has jurisdiction over Plaintiff's and the represented employees' claims for meal period and rest period violations under Labor Code §§ 226.7 and 218.

16.    This Court has jurisdiction over Plaintiff's and the represented employees' claims for failure to furnish timely and accurate itemized wage statements under Labor Code § 226.

17.    This Court has jurisdiction over Plaintiff's and the represented employees' claims for failure to maintain accurate records under Labor Code § 1174.

///

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

18.     This Court has jurisdiction over Plaintiff's and the represented employees' claims for failure to pay all wages due during and upon separation of employment under Labor Code §§ 201, 202, and 204.

19.     This Court has jurisdiction over Plaintiff's and the represented employees' claims for injunctive relief, specific enforcement of penalties, restitution of unpaid wages and other ill-gotten benefits arising from Defendant's unlawful and/or unfair business practices under Business & Professions Code §§ 17202 and 17203.

20.     Venue as to each Defendant is proper in this Court, pursuant to Code of Civil Procedure § 395(a).  Defendants maintain offices, transact business, and/or have an agent in Fresno County and Defendants are otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein arose in Fresno County and have a direct effect on Plaintiff and those aggrieved and similarly situated employees within the State of California and within Fresno County.  Defendants employ Class Members in Fresno County and throughout the State of California.

### III.     GENERAL ALLEGATIONS

21.     California's Labor Code and Industrial Welfare Commission Wage Order 5-2001 require employers to, among other things, provide compliant meal and rest periods, pay each employee wages for all hours worked within the time prescribed by law, furnish each employee with accurate itemized wage statements, maintain accurate records, pay minimum, regular, and overtime wages due and owing, and provide each employee with suitable seats when the nature of the work reasonably permits the use of seats.

22.     The Fair Labor Standards Act requires an employer to, among other things, pay an employee compensation for his employment in excess of forty hours in a workweek at a rate not less than one and one-half times the regular rate at which the employee is employed.

23.     Plaintiff commenced his employment with Defendants in April 2012. Plaintiff worked for PetSmart both as an exempt and non-exempt employee at PetSmart's Fresno, California store and was subjected to PetSmart's employment practices during the course of his employment. At various times during his employment with PetSmart, Plaintiff was classified by Defendants as an "exempt" employee, ineligible for protections and rights afforded by the California Labor Code. Plaintiff alleges that PetSmart misclassified him and other PetsHotel Managers as "exempt" when in fact Plaintiff and other PetsHotel

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION
COMPLAINT

Managers should have been classified as "non-exempt" employees entitled to the full protections of both the California Labor Code and the applicable IWC Wage Order.  On April 13, 2015, Defendants reclassified Plaintiff and, on information and belief, other PetsHotel Managers from "exempt" to "non-exempt" and changed Plaintiff's and all other PetsHotel Manager's job titles from "PetsHotel Manager" to "PetsHotel Leader". However, subsequent to the reclassification, PetSmart did not change any of the job duties of the PetsHotel Manager job position and Plaintiff and, on information and belief, other PetsHotel Managers/Leaders continued to perform the same job and duties as when they were classified as "exempt".  While Plaintiff was classified as "exempt", Defendants did not pay Plaintiff and, on information and belief, other PetsHotel Managers/Leaders, all minimum and overtime wages owed and did not provide Plaintiff and, on information and belief, other PetsHotel Managers/Leaders, with meal and rest periods in accordance with the requirements of the California Labor Code and the applicable IWC Order §§ 11 and 12.

24.   Labor Code § 1198 provides, in pertinent part, that "the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees."  The applicable IWC Wage Order § 14 provides, "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."  Violations of the standard conditions of labor provided in the applicable IWC Wage Order are unlawful under Labor Code § 1198.

25.   Although the nature of Plaintiff's work reasonably permitted the use of seats, Defendants failed to provide Plaintiff and, on information and belief, other aggrieved employees, specifically those who were employed as PetsHotel Managers, PetsHotel Leaders, Assistant PetsHotel Managers, Assistant PetsHotel Leaders, Store Leaders and/or Seniors, and Overnight PetCare Specialists and/or Guest Services Associates, with suitable seats. The "nature of the work" refers to an employee's task performed at any given location for which a right to a suitable seat is claimed, rather than a "holistic" consideration of the entire range of an employee's duties anywhere on the jobsite during a complete shift. The determination of whether the nature of the work "reasonably permits" the use of a seat is a question to be determined objectively based on the totality of the circumstances." *Kilby v. CVS Pharmacy, Inc.* 63 Cal.4th 1 (April 4, 2016).

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

7

26.    Defendants did not provide Plaintiff and, on information and belief, other PetsHotel Managers/Leaders, meal periods compliant under California law, during the timeframe when Plaintiff and other PetsHotel Managers were misclassified by Defendants as "exempt." Due to the demands of the job and the job requirements, Plaintiff was unable to take off-duty and uninterrupted meal periods. Furthermore, because Plaintiff and, on information and belief, other PetsHotel Managers/Leaders were classified as "exempt" Defendants did not provide meal periods to be taken by Plaintiff and other PetsHotel Managers. Furthermore, even after they were reclassified to "non-exempt," although Plaintiff and, on information and belief, other PetsHotel Managers/Leaders worked shifts in excess of 10 hours, Defendants did not provide a second meal period to be taken by Plaintiff and other PetsHotel Managers/Leaders on shifts of more than 10 hours as required by Labor Code § 512.

27.    Defendants did not provide Plaintiff and, on information and belief, other PetsHotel Managers/Leaders with rest periods compliant under California law, during the timeframe when Plaintiff and other PetsHotel Managers/Leaders were classified as "exempt."  Due to the demands of the job and the job requirements, Plaintiff was unable to take duty-free rest periods. Furthermore, because Plaintiff and, on information and belief, other PetsHotel Managers/Leaders were classified as "exempt", Defendants did not provide or authorize and permit rest periods to be taken by Plaintiff and other PetsHotel Managers/Leaders.

28.    Plaintiff and, on information and belief, other PetsHotel Managers/Leaders have not been paid any meal or rest break premium wages as a result of Defendants' failure to provide meal or rest periods pursuant to Labor Code § 226.7.

29.     Plaintiff and other PetsHotel Managers/Leaders regularly worked over 8 hours per day and over 40 hours per week, but Defendants failed to pay them all minimum and overtime wages owed, in violation of Labor Code sections 510, 1198, and 29 U.S.C. sections 206 and 207. Defendants failed to pay Plaintiff and, on information and belief, other PetsHotel Managers/Leaders all minimum and overtime wages due and owed because Plaintiff and, on information and belief, other PetsHotel Managers/Leaders were required to work prior to their scheduled shift start time. However, because Plaintiff and, on information and belief, other PetsHotel Managers/Leaders were classified as "exempt", Defendants did not pay Plaintiff and, on information and belief, other PetsHotel Managers/Leaders any minimum or

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

overtime wages for the work performed prior to the scheduled shift start times and for work performed after the end of the scheduled shift, which was required by Defendants to be performed as part of the job duties of the PetsHotel Manager/Leader.

30. Defendants failed to pay Plaintiff and other PetsHotel Managers/Leaders for all wages due during employment, in violation of Labor Code § 204. Defendants did not properly compensate for minimum wages, regular wages, overtime wages, and meal and rest period premium wages.

31. Defendants failed to provide Plaintiff and other PetsHotel Managers/Leaders with accurate itemized wage statements because Plaintiff was not compensated by Defendants for all hours worked and for all compensation due.

32. Defendants failed to provide Plaintiff and other PetsHotel Managers/Leaders with all wages due and owing at the time of termination of employment because Plaintiff was not properly compensated by Defendants for all hours worked including overtime hours and for meal and rest period violations.

33. Defendants failed to maintain accurate records because Defendants failed to record all hours worked by Plaintiff and other PetsHotel Managers/Leaders, including failing to record meal periods and work performed by Plaintiff off-the-clock prior to and after the end of his scheduled shift. As a result, records maintained by Defendants as to Plaintiff and other PetsHotel Managers/Leaders are incomplete and inaccurate, and fail to comply with the requirements of Labor Code § 1174 and 29 U.S.C. section 211(c).

34. Defendants failed to reimburse Plaintiff and, on information and belief, other PetsHotel Managers/Leaders for all necessary expenditures or losses incurred in direct consequence of their duties of employment. On information and belief, as a condition of their employment and part of their job duties, Plaintiff and other PetsHotel Managers/Leaders were required to use their personal cell phone in the performance of their work duties and respond to work calls throughout their shifts; however, Plaintiff and other PetsHotel Managers/Leaders were not reimbursed for these expenses.

35. Defendants have engaged in unfair business practices in California and willingly and knowingly have practice, employed, and utilized the employment patterns and practices alleged in this complaint in violation of Business & Professions Code § 17200 *et seq.*

GRAHAM **HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

## IV.   EXHAUSTION OF ADMINISTRATIVE NOTICE REQUIREMENT OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004

36.   On August 19, 2016, pursuant to Labor Code § 2698, *et seq.*, Plaintiff served, via email to the LWDA and via certified mail to PetSmart, Inc., correspondence detailing his claims for wage/hour violations and penalties. The 60-day PAGA exhaustion period expired on October 18, 2016. Plaintiff has therefore satisfied the procedural notice prerequisite to pursue penalties against Defendants pursuant to the PAGA.

37.   Plaintiff intends to seek penalties in a representative capacity as a private attorney general on behalf of the State of California and on behalf of all other aggrieved employees of Defendants.

## V.   CLASS ACTION DESIGNATION

38.   Causes of Action One through Ten are appropriately suited for a Class Action because Plaintiff brings these Causes of Action on behalf of himself and all other similarly-situated employees as a Class Action pursuant to Code of Civil Procedure § 382. The Classes that Plaintiff seeks to represent are defined as follows:

- All individuals employed by PetSmart, Inc. in an exempt "PetsHotel Manager" position in the State of California at any time from and after October 27, 2012 through April 13, 2015 ("PetsHotel Manager Class"); and

- All individuals employed by PetSmart, Inc. in a non-exempt "PetsHotel Leader" position at any time from and after April 13, 2015.("PetsHotel Leader Class")

39.   Plaintiff also brings this action on behalf of himself and other former employees of PetSmart, Inc. pursuant to California Code of Civil Procedure § 382. The Waiting Time Penalty Subclass Plaintiff seeks to represent is defined as follows:

- All members of the PetsHotel Manager Class and the PetsHotel Leader Class whose employment with PetSmart, Inc. ended at any time from and after October 27, 2013. ("Waiting Time Penalty Subclass").

40.   Plaintiff reserves the right under Rule 3.765(b), California Rules of Court, to modify the descriptions of the Class and Subclass with greater specificity or further division into subclasses or limitation to particular issues.

41.   As to Causes of Action One through Ten, Plaintiff seeks to recover on behalf of the Class and Subclass all remedies available to the extent permitted by law including, but not limited to, wages,

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

damages, penalties, liquidated damages, interest, attorneys' fees, costs, other monies due and owing and injunctive relief.

42.     Causes of Action One through Ten are appropriately suited for a class action pursuant to Section 382 of the California Code of Civil Procedure because the following requirements are met:

i.     Numerosity. The potential Class and Subclass as defined are significant in size because Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants employed numerous similarly-situated current and former employees as PetsHotel Managers who were subject to Defendants' uniform and common wage and hour practices and unlawful employment practices alleged herein. Based on the size of the potential Class and Subclass, joinder of all employees individually would be impractical.

ii.     Commonality. This action involves questions of law and fact common to the potential Class and Subclass because the action involves Defendants' systematic course of illegal conduct with respect to violating the California Labor Code and IWC Wage Order 5-2001 and implementing company-wide policies uniformly applied to all members within each Class and Subclass as defined above. These questions include, but are not limited to:

(a) Whether Defendants misclassified PetsHotel Manager Class members as "exempt" prior to April 13, 2015, when in fact Plaintiff and PetsHotel Manager Class members should have been classified as "non-exempt", entitled to the full protections of both the California Labor Code and the applicable IWC Wage Order;

(b) Whether Defendants failed to provide members of the PetsHotel Manager Class and the PetsHotel Leader Class with meal periods compliant with Labor Code § 512 and § 11 of IWC Wage Order 5-2001;

(c) Whether Defendants failed to provide members of the PetsHotel Manager Class and the PetsHotel Leader Class with rest periods compliant with Labor Code § 226.7 and § 12 of IWC Wage Order 5-2001;

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

11
FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

(d) Whether Defendants failed to pay additional wages to members of the PetsHotel Manager Class and the PetsHotel Leader Class when they were not provided with required meal and rest periods;

(e) Whether Defendants failed to reimburse members of the PetsHotel Manager Class and the PetsHotel Leader Class for business expenses incurred in direct consequence of the discharge of their duties of employment because they were required to use their cell phone for work related duties, for which Defendants provided no reimbursement;

(f) Whether Defendants failed to pay members of the PetsHotel Manager Class and the PetsHotel Leader Class all overtime wages for all hours or fractions of an hour worked and under the control of Defendants over eight hours in one day or forty hours in one week;

(f) Whether Defendants failed to pay members of the PetsHotel Manager Class and the PetsHotel Leader Class all regular and minimum wages for all hours or fraction of an hour worked and under the control of Defendants;

(g) Whether Defendants failed to properly and accurately record and maintain records of all hours worked and wages earned by members of the PetsHotel Manager Class and the PetsHotel Leader Class;

(h) Whether Defendants failed to provide members of the PetsHotel Manager Class and the PetsHotel Leader Class with accurate itemized wage statements showing, among other things, the correct number of hours worked, wages earned, and all applicable hourly rates and the corresponding number of hours at each rate;

(i) Whether Defendants failed to timely pay members of the PetsHotel Manager Class and the PetsHotel Leader Class wages earned and owed during their employment; and

(j) Whether Defendants failed to timely pay Waiting Time Penalty Subclass members for all final wages owed and earned upon separation of employment.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

iii.   <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Classes and Subclass because Plaintiff was subjected to the same violations of his rights under California law and seeks the same type of damages, restitution, and other relief on the same theories and legal grounds as those of the members of the Classes and Subclass he seeks to represent. Plaintiff is a member of the Classes and Subclass he seeks to represent.

iv.   <u>Adequacy of Representation</u>. Plaintiff is able to fairly and adequately represent the interests of all members of the Classes and Subclass because it is in his best interest to prosecute the claims alleged herein to obtain full compensation due to them for all back pay, benefits and other relief afforded under the Labor Code and IWC Wage Orders. Plaintiff's interests are not in conflict with those of the members of the putative Classes. Plaintiff's counsel are competent and experienced in litigating employment law class actions and other complex litigation matters, including wage and hour cases such as this case.

v.   <u>Superiority of Class Action</u>. Class treatment is appropriate because a class action is superior to other available means for the fair and efficient adjudication of these claims. Each putative class member has been damaged and is entitled to recover by reason of Defendants' illegal policies and practices as alleged herein. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## VI.   PRIVATE ATTORNEYS GENERAL ACT OF 2004 DESIGNATION

43.   Causes of Action Eleven and Twelve are appropriately suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA") representative action because:

44.   This action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees, or for which a penalty is provided for under Labor Code section 2699(f).

45.   Plaintiff is an "aggrieved employee" because he was employed by the alleged violator and had one or more of the alleged violations committed against him.

46.     Plaintiff intends to seek PAGA penalties in a representative capacity on behalf of all aggrieved employees who were employed as PetsHotel Managers and PetsHotel Leaders by Defendants and against whom one or more of the alleged violations were committed and on behalf of the State of California.

47.     Pursuant to Labor Code section 2698 *et seq*., Plaintiff has exhausted his administrative remedies and notice requirements by serving via email, the LWDA, and via certified mail, Defendants, with notification of his claims for wage and hour violations and penalties. Plaintiff sent this letter on August 19, 2016. On October 18, 2016, the 60-day period for the LWDA to provide notice to Plaintiff of its intent to investigate Plaintiff's allegations expired. Therefore, Plaintiff has satisfied and exhausted the procedural notice requirement to pursue penalties against Defendants pursuant to Labor Code section 2698 *et seq*. on behalf of himself and all other aggrieved PetsHotel Managers and PetsHotel Leaders employed by Defendants, and the State of California.

48.     Plaintiff therefore satisfied the procedural notice requirement pursuant to Labor Code section 2699.3 to pursue penalties pursuant to Labor Code section 2698 *et seq*. Plaintiff intends to seek recovery of wages and penalties on behalf of himself and all other aggrieved PetsHotel Managers and PetsHotel Leaders, pursuant to the California Labor Code in a representative capacity on behalf of the State of California as a Private Attorney General.

49.     Plaintiff has filed this action pursuant to Labor Code sections 2698 and 2699(a) and (f), on behalf of himself and all other current and former aggrieved PetsHotel Managers and PetsHotel Leaders of Defendants to recover penalties.  Said penalties include unpaid/underpaid wages which are to be paid to the affected employees pursuant to Labor Code sections 558 and 1197.1, as well as *Thurman v. Bayshore Transit Management, Inc*., 203 Cal. App. 4th 1112 (2012).

## VII.     FAIR LABOR STANDARDS ACT COLLECTIVE ACTION DESIGNATION

50.     Plaintiff brings his Thirteenth cause of action on a collective basis pursuant to the Fair Labor Standards Act. For this claim, Plaintiff seeks to represent all other current and former employees of PetSmart, Inc., who were employed in an exempt or non-exempt PetsHotel Manager or PetsHotel Leader position in the State of California at any time from and after [3 years prior to Filing], and who were not paid in accordance with 29 U.S.C. section 207.

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION
COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

51.     Pursuant to 29 U.S.C. section 256(a), Plaintiff's written consent is attached hereto as Exhibit A and filed concurrently herewith. Therefore, the Collective Action shall be considered to be commenced as to Plaintiff from the day of the filing of this Complaint.

52.     Defendants violated 29 U.S.C. section 207 by willfully failing to pay Plaintiff and other exempt or non-exempt PetsHotel Managers or PetsHotel Leaders for work performed in excess of forty (40) hours per week.

53.     Defendants also violated 29 U.S.C. section 211(c) by failing to keep accurate records. At all relevant times, Defendants did not make, keep, preserve, or furnish accurate records of the actual total hours worked by such employees and pay rates owed to such employees as required for non-exempt employees because Plaintiff and other exempt or non-exempt PetsHotel Managers or PetsHotel Leaders were misclassified as exempt and regularly worked more than forty (40) hours per week.

54.     Plaintiff is similarly situated with members of the Collective Action because:

1.  Plaintiff and members of the Collective Action were employed by Defendants in the same or similar job positions;

2.  Plaintiff and members of the Collective Action were subject to the same policies and procedures of Defendants;

3.  Plaintiff and members of the Collective Action were not compensated for all hours they worked, as required by the FLSA;

4.  Defendants knowingly and willfully violated provisions of the FLSA by not paying Plaintiff and members of the Collective Action all wages that they were owed;

5.  As a result of the Defendants' policies and practices of withholding compensation for all hours worked, including overtime compensation, Plaintiff and members of the Collective Action have been similarly damaged in that they have not received all of their earned wages to date.

55.     This action is maintainable as an "opt-in" Collective Action pursuant to 29 U.S.C. section 216(b) as to claims for unpaid wages, liquidated damages, and attorney's fees and costs under the FLSA.

///

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

56.     Defendants willfully violated the FLSA overtime wage and recording regulations by purposefully misclassifying Plaintiff and other members of the Collective Action as exempt employees, which resulted in Defendants failing to pay Plaintiff and other members of the Collective Action all overtime wages earned and owed for all hours worked in excess of forty in one workweek and by failing to maintain accurate records.

57.     All members of the Collective Action during the relevant time period (the period of time beginning three years prior to the filing of this First Amended Complaint) should be given notice and be allowed to give their consent to "opt-in" to the Collective Action pursuant to 29 U.S.C. section 216(b).

## VIII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### FAILURE TO PAY OVERTIME WAGES
(Violation of Labor Code §§ 510, 1194, 1198 and the "Hours and Days of Work" Section of IWC Wage Order 5-2001).
(Alleged by Plaintiff individually and on behalf of the PetsHotel Manager Class and the PetsHotel Leader Class Against Defendant)

58.     Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth above.

59.     Labor Code section 510 provides in pertinent part: "Eight hours of labor constitutes a day's work.  Any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

60.     Labor Code section 1194 states in pertinent part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

///

61.     Labor Code section 1198 states in pertinent part: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

62.     Until approximately April 13, 2015, Plaintiff and members of the PetsHotel Manager Class were misclassified by Defendants as "exempt" employees regardless of the fact that the job duties performed by Plaintiff and members of the PetsHotel Manager Class as a PetsHotel Manager for PetSmart were non-managerial in nature. Plaintiff and members of the PetsHotel Manager Class were not primarily engaged in administrative duties.  Furthermore, Plaintiff and members of the PetsHotel Manager Class did not primarily engage in work directly related to management policies or general business operations of PetSmart. As a result, Plaintiff and members of the PetsHotel Manager Class should  have been classified as "non-exempt" employees, entitled to the full protections of the Labor Code and the applicable IWC Wage Order, and entitled to receive overtime wages for work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek at the rate of no less than one and one-half times the regular rate of pay for an employee.

63.     In addition, Plaintiff and members of the PetsHotel Manager Class and PetsHotel Leader Class were suffered and permitted to work for Defendants prior to their scheduled shift start time and after the end of their shift and worked in excess of 8 hours in one workday and/or 40 hours in one workweek. As part of the job of a PetsHotel Manager/Leader, Plaintiff and members of the PetsHotel Manager Class and PetsHotel Leader Class were required to open the PetSmart store in the morning prior to the store's business hours. Additionally, Plaintiff and members of the PetsHotel Manager Class and PetsHotel Leader Class were required to complete all duties for the day after his shift ended before leaving the store.

64.     As a result of Defendants' policy and practice of failing to pay overtime compensation during the period of time when Plaintiff and other PetsHotel Managers were misclassified as "exempt", and thereafter, Plaintiff and members of the PetsHotel Manager Class and PetsHotel Leader Class were damaged in that they have not received wages due them pursuant to California wage and hour laws.

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

17

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

65.     Defendants have made it difficult to account with precision for the unpaid overtime worked by their PetsHotel Managers/Leaders, because they did not make, keep, preserve, or furnish accurate records of the actual total hours worked by such employees and pay rates owed to such employees as required for non-exempt employees by Labor Code §§ 226, 1174(d) and Wage Order No. 5-2001. Defendants' failure to keep accurate records of hours worked by Plaintiff and members of the PetsHotel Manager Class and PetsHotel Leader Class served their policy of unlawfully denying overtime compensation to persons employed as PetsHotel Managers/Leaders.

66.     As a result of the unlawful acts of Defendants, Plaintiff and members of the PetsHotel Manager Class and PetsHotel Leader Class were deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts pursuant to Labor Code § 1194, attorneys' fees, costs and other compensation.

67.     Plaintiff requests relief as described below.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY REGULAR AND MINIMUM WAGES

(Violation of Labor Code §§ 1194, 1197, 1198 and the "Minimum Wages" Section of IWC Wage Order 5-2001)

(Alleged by Plaintiff individually and on behalf of the PetsHotel Manager Class and the PetsHotel Leader Class Against Defendant)

68.     Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth above.

69.     Labor Code section 1197 states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

70.     Labor Code section 1197.1 states: "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203. For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid

employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed."

71.    Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

72.    IWC Wage Order 5-2001 section 4 provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

73.    Until approximately April 2015, Plaintiff and members of the PetsHotel Manager Class were misclassified by Defendants as "exempt" employees regardless of the fact that the job duties performed by Plaintiff and members of the PetsHotel Manager Class as a PetsHotel Manager for PetSmart were non-managerial in nature. Plaintiff and members of the PetsHotel Manager Class were not primarily engaged in administrative duties.  Furthermore, Plaintiff and members of the PetsHotel Manager Class did not primarily engage in work directly related to management policies or general business operations of PetSmart. As a result, Plaintiff and members of the PetsHotel Manager Class should have been classified as "non-exempt" employees, entitled to the full protections of the Labor Code and the applicable IWC Wage Order, and entitled to receive minimum wage for all hours worked.

74.    In addition, Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class were suffered and permitted to work for Defendants prior to their scheduled shift start time and after the end of their shift. As part of the job of a PetsHotel Manager/Leader, Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class were required to open the PetSmart store in the morning prior to the store's business hours. Additionally, Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class were required to complete all duties for the day after their shift ended before leaving the store. Through Defendants' conduct, but not limited to, requiring Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class to work prior to and after their scheduled shift start and end times, Defendants violated Labor Code §§ 1197 and 1198 and the applicable IWC Wage Order when they paid Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class less than minimum wages from their failure to pay wages for all hours worked.

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

75.     Labor Code section 1194 states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

76.     Labor Code section 1194.2 states: "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

77.     At all material times, Defendants were and/or are Plaintiff's and/or members of the PetsHotel Manager Class and the PetsHotel Leader Class' employers and/or persons acting on behalf of Defendants within the meaning of Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code section 558 including the payment of the underpaid wages to affected employees.

78.     At all material times, Defendants were and/or are Plaintiff's and/or other members of the PetsHotel Manager Class and the PetsHotel Leader Class' employers and/or persons acting on behalf of Defendants within the meaning of Labor Code section 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, and who are subject to penalties for each underpaid employee as set forth in Labor Code section 1197.1 including the payment of the underpaid wages to affected employees.

79.     As a direct result of Defendants' violations alleged herein, Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

80.   Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendants' minimum wage violations including interest thereon, reasonable attorney's fees and costs of suit, penalties, and liquidated damages to the fullest extent permissible including those permitted pursuant to Labor Code sections 218.6, 558, 1194, 1194.2, 1197.1 and Code of Civil Procedure section 1021.5.

81.   Plaintiff requests relief as described below.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code §§ 226.7, 512, 1198 and the "Meal Period" Section of IWC Wage Order 5-2001)

(Alleged by Plaintiff individually and on behalf of the PetsHotel Manager Class and the PetsHotel Leader Class Against Defendant)

82.   Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth above.

83.   Labor Code section 226.7(a) provides: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

84.   Labor Code section 512(a) provides: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

85.   Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

86.   IWC Wage Order 5-2001 section 11 provides, in part, that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

21

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

period may be waived by mutual consent of the employer and the employee.  Subsection B provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. Subsection D of IWC Wage Order 5-2001 section 11 further provides that if an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

87.     At all material times, Defendants were and/or are Plaintiff's and members of the PetsHotel Manager Class and the PetsHotel Leader Class' employers or persons acting on behalf of their employer, within the meaning of California Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code section 558 including the payment of the underpaid wages to affected employees.

88.     Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class regularly worked in excess of five (5) and at times ten (10) hours a day without being provided at least 30 minute meal periods in which they were relieved of all duties, as required by Labor Code sections 226.7(a) and 512(a) and IWC Wage Order 5-2001 section 11.

89.     Until April 13, 2015, Plaintiff and members of the PetsHotel Manager Class were misclassified by Defendants as "exempt" employees regardless of the fact that the job duties performed by Plaintiff and members of the PetsHotel Manager Class as a PetsHotel Manager for PetSmart were non-managerial in nature. Plaintiff and members of the PetsHotel Manager Class were not primarily engaged in administrative duties.  Furthermore, Plaintiff and members of the PetsHotel Manager Class did not primarily engage in work directly related to management policies or general business operations of PetSmart. As a result, Plaintiff and members of the PetsHotel Manager Class should have been classified as "non-exempt" employees, entitled to the full protections of the Labor Code and the applicable IWC

Wage Order, and entitled to receive meal periods in compliance with California law, including a second meal period during shifts in excess of 10 hours.

90.     Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class worked shifts in excess of 6 hours in one workday as well as shifts in excess of 10 hours in one workday and were entitled to receive meal periods in compliance with California law, however Defendants failed to provide them compliant meal periods.

91.     Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class for one hour of additional premium pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7(c) and IWC Wage Order 5-2001 section 11(D).

92.     As a direct result of Defendants' violations alleged herein, Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

93.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendants' meal period violations including interest thereon, reasonable attorney's fees and costs of suit, and penalties to the fullest extent permissible including those permitted pursuant to Labor Code sections 226.7, 512, 558, and Code of Civil Procedure section 1021.5.

94.     Plaintiff requests relief as described below.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS
(Violation of Labor Code §§ 226.7, 1198 and the "Rest Periods" Section of IWC Wage Order 5-2001)
(Alleged by Plaintiff individually and on behalf of the PetsHotel Manager Class and the PetsHotel Leader Class Against Defendant)

95.     Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth above.

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

96.     Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

97.     IWC Wage Order 5-2001 section 12(a) states that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages.

98.     Labor Code sections 226.7(c) and IWC Wage Order 5-2001 section 12(b) states that if an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

99.     Until April 13, 2015, Plaintiff and members of the PetsHotel Manager Class were misclassified by Defendants as "exempt" employees regardless of the fact that the job duties performed by Plaintiff and members of the PetsHotel Manager Class as a PetsHotel Manager for PetSmart were non-managerial in nature. Plaintiff and members of the PetsHotel Manager Class were not primarily engaged in administrative duties.  Furthermore, Plaintiff and members of the PetsHotel Manager Class did not primarily engage in work directly related to management policies or general business operations of PetSmart. As a result, Plaintiff and members of the PetsHotel Manager Class should have been classified as "non-exempt" employees, entitled to the full protections of the Labor Code and the applicable IWC Wage Order, and entitled to receive rest periods in compliance with California law, including a third rest period during shifts in excess of 10 hours.

100.    Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class worked shifts in excess of 3.5 hours in one workday as well as shifts in excess of 10 hours in one workday and were entitled to receive rest periods in compliance with California law, however, Defendants did not

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

1  provide them compliant rest periods.

2      101.    Pursuant to Labor Code section 226.7(b) and the applicable IWC Wage Order, Defendants

3  shall pay Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class one

4  additional hour of pay at the employee's regular rate of compensation for each day that the rest period is

5  not authorized and permitted.

6      102.    Through Defendants' conduct during the applicable statutory period, including the conduct

7  alleged herein, Defendants violated Labor Code sections 226.7 and 1198 and the IWC Wage Order when

8  they failed to authorize and permit full 10-minute, uninterrupted, duty-free rest periods for every four

9  hours worked (or major fraction thereof), including during work periods in excess of three and a half

10  consecutive hours, to Plaintiff and members  of the PetsHotel Manager Class and the PetsHotel Leader

11  Class.

12      103.    Defendants failed to pay Plaintiff and members of the PetsHotel Manager Class and the

13  PetsHotel Leader Class rest period premium wages under Labor Code section 226.7.

14      104.    At all material times, Defendants were and/or are Plaintiff's and members of the PetsHotel

15  Manager Class and the PetsHotel Leader Class' employers or persons acting on behalf of their employer,

16  within the meaning of California Labor Code section 558, who violated or caused to be violated, a section

17  of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in

18  any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid

19  employee as set forth in Labor Code section 558 including the payment of the underpaid wages to affected

20  employees.

21      105.    As a direct result of Defendants' violations alleged herein, Plaintiff and members of the

22  PetsHotel Manager Class and the PetsHotel Leader Class have suffered and continue to suffer substantial

23  losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses

24  and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all

25  to their respective damage in amounts according to proof at trial and within the jurisdictional limitations

26  of this Court.

27      106.    Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the

28  unpaid wages resulting from Defendants' rest period violations including interest thereon, reasonable

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

25

attorney's fees and costs of suit, and penalties to the fullest extent permissible including those permitted pursuant to Labor Code sections 226.7, 558, and Code of Civil Procedure section 1021.5.

107.    Plaintiff requests relief as described below.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE AND MAINTAIN ACCURATE ITEMIZED WAGE STATEMENTS
(Violation of Labor Code § 226 and the "Records" Section of IWC Wage Order 5-2001)
(Alleged by Plaintiff individually and on behalf of the PetsHotel Manager Class and the PetsHotel Leader Class Against Defendant)

108.    Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth above.

109.    Labor Code section 226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing":

(1)    Gross wages earned;

(2)    Total hours worked by the employee, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

(3)    The number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis;

(4)    All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

(5)    Net wages earned;

(6)    The inclusive dates of the pay period for which the employee is paid;

(7)    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

(8)    The name and address of the legal entity that is the employer; and

(9)    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

26

The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

110.    Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

111.    IWC Wage Order 5-2001 section 7(A) states in relevant part that the employer shall keep accurate information regarding, "(4) Total wages paid each payroll period, including value of board, lodging, other compensation actually furnished to the employee; (5) Total hours worked in the payroll period and applicable hourly rates of pay."

112.    Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed to provide accurate wage statements including, but not limited to, the recording of all hours worked, all wages earned, and the applicable rates of pay for the hours worked.

113.    Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class suffered injuries as a result of Defendants' intentional and knowing failure to provide to Plaintiff and members of the Classes accurate itemized wage statements and maintain the writings required by Labor Code section 226(a). Defendants' failure to provide and maintain accurate statements left Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class without the ability to know, understand and question the hours worked and wages earned and due. As a direct result, Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class have suffered and continue to suffer substantial injuries, losses and actual damages related to Defendants' violations, including lost wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations.

114.    Labor Code section 226(e) states: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1   all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

2   hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an

3   aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable

4   attorney's fees."

5        115.   Labor Code section 226(h) states "An employee may also bring an action for injunctive

6   relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's

7   fees."

8        116.   Labor Code section 226.3 states, in part, "Any employer who violates subdivision (a) of

9   section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per

10  employee per violation in an internal citation and one thousand dollars ($1,000) per employee for each

11  violation in a subsequent citation, for which the employer fails to keep the records required in subdivision

12  (a) of Section 226.  The civil penalties provided for in this section are in addition to any other penalty

13  provided by law.

14       117.   As a direct result of Defendants' violations alleged herein, Plaintiff and members of the

15  PetsHotel Manager Class and the PetsHotel Leader Class have suffered and continue to suffer injury

16  including substantial losses related to the use and enjoyment of such wages, lost interest on such monies

17  and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under

18  state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional

19  limitations of this Court.

20       118.   Plaintiff seeks to recover in a civil action all remedies including damages, unpaid wages,

21  penalties, attorney's fees and costs, and injunctive relief to the fullest extent permissible including those

22  permitted pursuant to Labor Code sections 226(e) and (h), 226.3, and Code of Civil Procedure section

23  1021.5.

24       119.   Plaintiff requests relief as described below.

25  ///

26  ///

27  ///

28  ///

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

28

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION
COMPLAINT

# SIXTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES DUE DURING EMPLOYMENT

(Violation of Labor Code §§ 204(a), 1198 and the "Minimum Wages" Section of IWC Wage Order 5-2001)

(Alleged by Plaintiff individually and on behalf of the PetsHotel Manager Class and the PetsHotel Leader Class Against Defendant)

120.   Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth above.

121.   Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class Against Defendant are/were employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

122.   Labor Code section 204(a) states in pertinent part: "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

123.   Labor Code section 210 states in pertinent part: "(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:  (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

124.   Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

125.   IWC Wage Order 5-2001 section 4(B) states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

126.   Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1   to pay Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class: (i) all wages

2   due and owing and (ii) all wages due and owing by the time set forth pursuant to Labor Code section

3   204(a) and IWC Wage Order 5-2001 section 4(B) including, but not limited to, not paying all regular,

4   minimum and overtime wages, and meal and rest premium wages.

5   127.   As a direct result of Defendants' violations alleged herein, Plaintiff and members of the

6   PetsHotel Manager Class and the PetsHotel Leader Class have suffered and continue to suffer substantial

7   losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses

8   and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all

9   to their respective damage in amounts according to proof at trial and within the jurisdictional limitations

10  of this Court.

11  128.   Plaintiff seeks to recover in a civil action all remedies including unpaid wages, attorney's

12  fees and costs, penalties and interest to the fullest extent permissible including those permitted pursuant

13  to Labor Code sections 210, 218.5, 218.6, 226.7, 1198, and Code of Civil Procedure section 1021.5.

14  129.   Plaintiff requests relief as described below.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES DUE UPON SEPARATION OF EMPLOYMENT**
(Violation of Labor Code §§ 201(a), 202(a), and 203(a))
(Alleged by Plaintiff individually and on behalf of the Waiting Time Penalties Subclass)

19  130.   Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth

20  above.

21  131.   Prior to April 13, 2015, Plaintiff and members of the PetsHotel Manager Class were

22  misclassified by Defendants as "exempt", when in fact they should have been classified as "non-exempt"

23  employees of Defendants within the meaning of the Labor Code and the applicable IWC Wage Order.

24  Defendants reclassified Plaintiff and members of the PetsHotel Manager Class to "non-exempt"

25  employees on April 13, 2015, but at all times during the statutory period, Plaintiff and members of the

26  PetsHotel Manager Class and should have been treated as "non-exempt" employees within the meaning

27  of the Labor Code and the applicable IWC Wage Order, entitled to the full protections of both the Labor

28  Code and the applicable IWC Wage Order.

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION
COMPLAINT

132.   Labor Code section 201(a) states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

133.   Labor Code section 202(a) states: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

134.   Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants willfully failed to provide Plaintiff and members of the Waiting Time Penalty Subclass with all wages due and owing, including minimum wages, overtime wages, regular wages, meal premiums, and rest premiums by the time specified by Labor Code sections 201(a) and 202(a), as applicable.

135.   Labor Code section 203(a) states, in relevant part, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

136.   As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Waiting Time Penalty Subclass have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

137.   Plaintiff seeks to recover in a civil action all remedies to the fullest extent permissible including those permitted pursuant to Labor Code sections 203 and Code of Civil Procedure 1021.5.

138.   Plaintiff requests relief as described below.

GRAHAM **HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

31

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

## EIGHTH CAUSE OF ACTION

## <u>FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES</u>

(Violation of Labor Code § 2802)

(Alleged by Plaintiff individually and on behalf of the PetsHotel Manager Class and the PetsHotel Leader Class Against Defendant)

139.    Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth above.

140.    Plaintiff and the PetsHotel Manager Class and the PetsHotel Leader Class are or were employees of Defendants within the meaning of the Labor Code and IWC Wage Order 5-2001.

141.    Labor Code section 2802 requires an employer to indemnify its employees for all expenses that the employees necessarily expend as a direct a result of discharge of their duties of employment with Defendant.

142.    At all times relevant herein and as a condition of his employment, Plaintiff and, on information and belief, members of the PetsHotel Manager Class and the PetsHotel Leader Class incurred business expenses in direct consequence of their job duties through the maintenance and supply of their personal equipment to complete their job duties. For example, Defendants required Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class to carry and use personal cell phones to communicate with other PetSmart employees, including while they were off-duty. As a result, Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class reasonably incurred business-related expenses necessary to discharge their duties of employment with Defendant, all at their own cost.

143.    The costs of these business-related expenses were reasonably incurred by Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class as a direct consequence of the discharge of their duties and Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class are, therefore, entitled to recover these costs under Labor Code section 2802, the protections of which cannot be waived by mutual agreement.

144.    Labor Code section 2802(b) states that "[a]ll awards made by a Court for reimbursement of necessary expenditures" shall carry interest, at the same rate as judgments in civil actions, and said

1  interest will accrue from the date on which the employee incurred the necessary expenditure or loss

2  including, but not limited to, reasonable costs and attorney's fees incurred by the employee enforcing their

3  rights granted pursuant to Labor Code section 2802.

4       145.   Defendants failed to reimburse Plaintiff and, on information and belief, members of the

5  PetsHotel Manager Class and the PetsHotel Leader Class for all necessary business expenditures incurred

6  in direct consequence of the discharge of their duties of employment in violation of Labor Code section

7  2802.

8       146.   Furthermore, Labor Code section 2802(c) states that "[f]or the purposes of this section, the

9  term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to,

10  attorney's fees incurred by the employee in enforcing the rights granted by this section.

11       147.   As a direct result of Defendant's Labor Code and IWC Wage Order violations alleged

12  herein, Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class suffered,

13  and continue to suffer, losses related to the expenses incurred by them, in an amount to be shown according

14  to proof at trial and within the jurisdictional limitations of this Court.

15       148.   Plaintiff, individually, and on behalf of the PetsHotel Manager Class and the PetsHotel

16  Leader Class seeks all available remedies for Defendant's violations to the extent permitted by law.

17       149.   Plaintiff requests relief as described below.

18  **NINTH CAUSE OF ACTION**

19  **FAILURE TO MAINTAIN ACCURATE RECORDS**

20  (Violation of Labor Code § 1174 and the "Records" section of IWC Wage Order 5-2001)
(Alleged by Plaintiff individually and on behalf of the PetsHotel Manager Class and the PetsHotel
Leader Class Against Defendant)

21

22       150.   Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth

23  above.

24       151.   Plaintiff and members of the PetsHotel Manager Class were misclassified by Defendants

25  as "exempt", when in fact they should have been classified as "non-exempt" employees of Defendants

26  within the meaning of the Labor Code and the applicable IWC Wage Order. On April 13, 2015, Defendants

27  reclassified Plaintiff and members of the PetsHotel Manager Class to "non-exempt" employees. At all

28  times during the statutory period, Plaintiff and members of the PetsHotel Manager Class should have been

GRAHAM**HOLLIS** APC
3355 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION
COMPLAINT

treated as "non-exempt" employees within the meaning of the Labor Code and the applicable IWC Wage Order, entitled to the full protections of both the Labor Code and the applicable IWC Wage Order.

152.    Labor Code section 1174(d) states: "Every person employing labor in this state shall: Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years."

153.    Labor Code section 1174.5 states "Any person employing labor who willfully fails to maintain accurate and complete records required by subdivision (d) of Section 1174, shall be subject to a civil penalty of five hundred dollars."

154.    IWC Wage Order 5-2001 section 7 obligates an employer to keep accurate information by underpaying minimum wages, regular wages, and overtime, and not recording accurate meal periods. IWC Wage Order 5-2001 section 7(A)(3) states in pertinent part "Every employer shall keep accurate information with respect to each employee including the following: …(3) Time records showing when the employee begins and ends each work period.  Meal periods, split shift intervals and total daily hours worked shall also be recorded."

155.    Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants violated Labor Code section 1198 and IWC Wage Order 5-2001 when they failed to keep accurate information and record each employees' hours and meal periods.

156.    At all material times, Defendants were and/or are Plaintiff's and members of the PetsHotel Manager Class and the PetsHotel Leader Class' employers and/or persons acting on behalf of Defendants within the meaning of Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code section 558 including the payment of the underpaid wages to affected employees.

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

157.   As a direct result of Defendants' violations alleged herein, Plaintiff and members of the PetsHotel Manager Class and the PetsHotel Leader Class have suffered and continue to suffer substantial losses related to Defendants' failure to record and maintain records of members of the PetsHotel Manager Class and the PetsHotel Leader Class' hours and meal periods, including expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

158.   Plaintiff seeks to recover in a civil action all remedies to the fullest extent possible including those permitted pursuant to Labor Code section 558, 1174.5, and Code of Civil Procedure section 1021.5.

159.   Plaintiff requests relief as described below.

### TENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 *ET SEQ.*

(Alleged by Plaintiff individually and on behalf of the PetsHotel Manager Class and the PetsHotel Leader Class Against Defendant)

160.   Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth above.

161.   Business & Professions Code section 17200 states "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

162.   Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants have engaged in unlawful, unfair, or fraudulent business practices in California by practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs all in violation of California law and the Industrial Welfare Commission Wage Orders.  Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors doing business in the State of California that comply with their obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

163.  Defendants' violations of the Labor Code and the Industrial Welfare Commission Wage Orders and their scheme to lower payroll costs as alleged herein constitute unlawful business practices because these actions were done in a systematic manner over a period of time to the detriment of Plaintiff and the Class.  The acts complained of herein occurred within the last four (4) years preceding the filing of this complaint and include, but are not limited to, failure to (i) provide meal periods; (ii) provide rest periods; (iii) pay minimum, overtime, and regular wages, as well as meal and rest break premiums, both during and after separation of employment; (iv) maintain accurate records; (v) provide and maintain accurate itemized wage statements; (vi) pay timely wages during employment; (vii) pay timely wages upon separation of employment; and (viii) indemnify employees for their expenses and losses.

164.  Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in the above-mentioned acts of unlawful, deceptive, and unfair business practices prohibited by California Business and Professions Code section 17200 *et seq.,* including those set forth in the preceding paragraph, thereby depriving Plaintiff of the minimum working condition standards and conditions due, including those under the California Labor Code and Wage Order of the Industrial Welfare Commission.

165.  As a result of Defendants' unfair competition as alleged herein, Plaintiff has suffered injury in fact and lost money or property. Plaintiff has been deprived of the rights to wages and benefits due as alleged herein.

166.  Plaintiff is entitled to an injunction and other declaratory and equitable relief against such practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

167.  Plaintiff is informed and believes, and on that basis alleges, that the illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity into the future.  Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay the wages and compensation required to be paid and will fail to comply with other requirements of the California Labor Code and Wage Order of the Industrial Welfare Commission 5-2001.

168.  As a direct and proximate result of Defendants' conduct, Defendants have received and

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

1  will continue to receive monies that rightfully belong to members of the general public who have been

2  adversely affected by Defendants' conduct, as well as to Plaintiff by virtue of unpaid wages and other

3  monies.

4  169.   Plaintiff is entitled to and seeks any and all available remedies including restitution and

5  recovery of reasonable attorney's fees pursuant to California Code of Civil Procedure section 1021.5,

6  Business and Professions Code section 17200 *et seq.*, the substantial benefit doctrine, and/or the common

7  fund doctrine.

8  170.   Plaintiff requests relief as described below.

9  ### ELEVENTH CAUSE OF ACTION

10 ### <u>PRIVATE ATTORNEYS GENERAL ACT CLAIM FOR CIVIL PENALTIES</u>
   (Violation of Labor Code § 2698 *et seq.*)

11

12 (Alleged by Plaintiff on behalf of all aggrieved PetsHotel Managers and PetsHotel Leaders)

13 171.   Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth

14 above.

15 172.   Pursuant to Labor Code section 2699, any provision of the Labor Code that provides for a

16 civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions,

17 boards, agencies or employees for violation of the code may, as an alternative, be recovered through a

18 civil action brought by an aggrieved employee on behalf of himself or herself and other current or former

19 employees pursuant to the procedures specified in Labor Code section 2699.3.

20 173.   Plaintiff is an "aggrieved employee" because he was employed by the alleged violator and

21 had one or more of the alleged violations committed against him, and therefore is properly suited to

22 represent the interests of other current and former employees employed by Defendants as a PetsHotel

23 Manager/Leader.

24 174.   Pursuant to Labor Code section 2698 *et seq.*, Plaintiff has exhausted his administrative

25 remedies by serving via email the LWDA, and via certified return receipt requested Defendants with his

26 claims for wage and hour violations and penalties on August 19, 2016. The 60-day statutory period expired

27 for the letter containing Plaintiff's wage and hour violations and penalties without any correspondence

28 indicating that the LWDA would be investigating the claims. Therefore, Plaintiff has satisfied and

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  exhausted the procedural notice requirement to pursue penalties against Defendants pursuant to Labor

2  Code section 2698 *et seq.*

3      175.    Labor Code section 2698 *et seq.*, imposes upon Defendants, and each of them, a penalty of

4  one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and

5  two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation of Labor

6  Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1174(d), 1194, 1197, 1197.1, 1198, and 2802.

7      176.    As set forth above, Defendants intentionally failed to pay Plaintiff and other aggrieved

8  PetsHotel Managers and PetsHotel Leaders all regular, minimum, and overtime wages due as well as

9  failed to pay meal and rest period premium wages.

10      177.    In addition, Defendants failed to provide Plaintiff and other aggrieved PetsHotel Managers,

11  PetsHotel Leaders, Assistant PetsHotel Managers, Assistant PetsHotel Leaders, Store Leaders and/or

12  Seniors, and Overnight PetCare Specialists and/or Guest Services Associates with suitable seats when the

13  nature of the work reasonably permits the use of a seat.

14      178.    Defendants have not provided meal periods, compliant under California law, to Plaintiff

15  and other aggrieved employees working as PetsHotel Managers/Leaders, in violation of Labor Code

16  sections 226.7 and 512 and IWC Wage Order 5-2001.  Defendants, for example, did not allow their

17  employees working as PetsHotel Managers/Leaders, including Plaintiff, to take a 30-minute, "duty-free"

18  meal period before the commencement of the sixth hour of work as required under California law or

19  provide them with a second meal period when the employees worked more than 10 hours per day, as

20  required by Labor Code section 512. Defendants did not provide the meal period in compliance with

21  California law because the meal periods were not 30 minutes, duty free and/or timely provided.

22      179.    Defendants failed to properly authorize and permit rest periods to Plaintiff and other

23  aggrieved employees working as PetsHotel Managers/Leaders in violation of Labor Code section 226.7

24  and IWC Wage Order 5-2001. Defendants did not provide the rest period in compliance with California

25  law because the rest periods were not 10 minutes, duty free, paid, and/or timely provided.

26      180.    Plaintiff and other aggrieved employees working as PetsHotel Managers/Leaders have not

27  received any meal or rest break premium wages as a result of Defendants not providing meal periods or

28  rest breaks in compliance with California law.

GRAHAM **HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

38

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

181.   Defendants failed to pay Plaintiff and other aggrieved employees working as PetsHotel Manager/Leader regular, minimum, and overtime wages for all hours worked, in violation of Labor Code sections 510, 1194, 1197, 1197.1, and 1198. Plaintiff and aggrieved employees working as PetsHotel Manager/Leader often had to perform work-related duties, such as opening the store prior to their shift start time off-the-clock, which were never compensated. In addition, Defendants failed to pay Plaintiff and aggrieved employees' working as PetsHotel Manager/Leader for their overtime because Defendants failed to record their hours worked in excess of 8 hours in a work day and 40 hours in a workweek.

182.   Defendants failed to maintain accurate records because Defendants failed to record all hours worked by Plaintiff and other aggrieved employees working as PetsHotel Manager/Leader, including failing to record meal periods. As a result, records maintained by Defendants as to Plaintiff and other aggrieved employees working as PetsHotel Managers/Leaders are incomplete and inaccurate, and fail to comply with the requirements of Labor Code section 1174.

183.   Defendants failed to provide Plaintiff and other aggrieved employees working as PetsHotel Managers/Leaders with accurate itemized wage statements because Plaintiff was not compensated by Defendants for all hours worked and not paid all compensation due. As a result, the wage statements furnished by Defendants to Plaintiff and other aggrieved employees working as PetsHotel Managers/Leaders were incomplete and inaccurate.

184.   Defendants failed to provide Plaintiff and other aggrieved employees working as PetsHotel Managers/Leaders with all wages due and owing during employment because Plaintiff and other aggrieved employees working as PetsHotel Managers/Leaders were not properly compensated by Defendants for minimum wages, regular wages, overtime wages, and for meal and rest period premiums.

185.   Defendants failed to provide Plaintiff and other aggrieved employees working as PetsHotel Managers/Leaders with all wages due and owing at the time of termination of employment because Plaintiff and other aggrieved employees working as PetsHotel Managers/Leaders were not properly compensated by Defendants for minimum wages, regular wages, overtime wages, and for meal and rest period premiums.

186.   Defendants violated Labor Code 2802 because Defendants required Plaintiff and other aggrieved employees working as PetsHotel Managers/Leaders to carry and use personal cell phones to

communicate with other PetSmart employees, but failed to provide reimbursement for these reasonably incurred business-related expenses.

187.    Pursuant to Labor Code section 2698, Plaintiff seeks to recover civil penalties on behalf of himself and other current and former aggrieved PetsHotel Managers and PetsHotel Leaders.  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

188.    For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

189.    Plaintiff requests relief as described below.

## TWELFTH CAUSE OF ACTION

### PAGA CLAIM FOR FAILURE TO PROVIDE SUITABLE SEATS

(Violation of Labor Code §§ 1198 and 2698, *et seq*. and the "Seats" section of IWC Wage Order 5-2001)

(Alleged by Plaintiff on behalf of all aggrieved employees who worked as: PetsHotel Managers, PetsHotel Leaders, Assistant PetsHotel Managers, Assistant PetsHotel Leaders, Store Leaders and/or Seniors, and Overnight PetCare Specialists and/or Guest Services Associates)

190.    Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth above.

191.    Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

192.    IWC Wage Order 5-2001 section 14 states: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats. When the employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

193.    The "nature of the work" refers to an employee's task performed at a given location for which a right to a suitable seat is claimed, rather than a "holistic" consideration of the entire range of an employee's duties anywhere on the jobsite during a complete shift. The determination of whether the nature of the work "reasonably permits" the use of a seat is a question to be determined objectively based on the totality of the circumstances." *Kilby v. CVS Pharmacy, Inc.* 63 Cal.4th 1 (April 4, 2016).

194.    Defendants violated Labor Code section 1198 and section 14 of the applicable IWC Wage

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

40

Order because Plaintiff and other aggrieved employees, specifically only those who were employed as PetsHotel Managers, PetsHotel Leaders, Assistant PetsHotel Managers, Assistant PetsHotel Leaders, Store Leaders and/or Seniors, and Overnight PetCare Specialists and/or Guest Services Associates, were not provided with suitable seats during their workday, even if they were not engaged in active duties and when the use of seats would not interfere with the performance of their job duties. For example, Plaintiff and other PetsHotel Managers, PetsHotel Leaders, Assistant PetsHotel Managers, Assistant PetsHotel Leaders, Store Leaders and/or Seniors, and Overnight PetCare Specialists and/or Guest Services Associates worked behind the check-in counter performing duties, such as, checking customers in and out, answering telephone calls, completing paperwork, inputting customer data into the computer and greeting customers. Although there is adequate space behind the check-in counter to provide employees working there with suitable seats, Defendants failed to provide Plaintiff and these specific aggrieved employees with suitable seats to use while performing said duties.

195.    Pursuant to Labor Code § 2699 *et seq*., any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (LWDA) or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

196.    Pursuant to Labor Code § 2699(c), "aggrieved employee" means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

197.    Plaintiff is an "aggrieved employee" because he was employed by the alleged violator and had one or more of the alleged violations committed against him. Plaintiff is properly suited to represent the interests of the other PetsHotel Managers, PetsHotel Leaders, Assistant PetsHotel Managers, Assistant PetsHotel Leaders, Store Leaders and/or Seniors, and Overnight PetCare Specialists and/or Guest Services Associates, who were similarly denied suitable seats by Defendants and are also aggrieved employees of Defendants.

198.    Pursuant to Labor Code section 2698 *et seq.,* Plaintiff has exhausted his administrative remedies by serving via email the LWDA, and via certified return receipt requested Defendants with his

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

41

1    claims for wage and hour violations and penalties on August 19, 2016. The 60-day statutory period expired

2    Plaintiff's wage and hour violations and penalties without any correspondence indicating that the LWDA

3    would be investigating the claims. Therefore, Plaintiff has satisfied and exhausted the procedural notice

4    requirement to pursue penalties against Defendants pursuant to Labor Code section 2698 *et seq*.

5    199.    Labor Code § 2699 imposes upon Defendants, and each of them, a penalty of one hundred

6    dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred

7    ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants

8    violated Labor Code §§ 1198.

9    200.    Pursuant to Labor Code section 2698, Plaintiff seeks to recover civil penalties on behalf of

10   himself and other PetsHotel Managers, PetsHotel Leaders, Assistant PetsHotel Managers, Assistant

11   PetsHotel Leaders, Store Leaders and/or Seniors, and Overnight PetCare Specialists and/or Guest Services

12   Associates who were employed by Defendants.  The exact amount of the applicable penalty is all in an

13   amount to be shown according to proof at trial.

14   201.    For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

15   202.    Plaintiff requests relief as described below.

16                        **THIRTEENTH CAUSE OF ACTION**

17              **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

18                      (Violation of 29 U.S.C. sections 207, 211(c),)

19   (Alleged by Plaintiff individually and on behalf of the PetsHotel Manager Class and the PetsHotel
                              Leader Class Against Defendant)

20

21   203.    Plaintiff re-alleges and hereby incorporates by reference each and every allegation set forth

     above.

22

23   204.    Plaintiff brings this individual and Collective Action for FLSA violations on behalf of

24   himself and members of the Collective Action pursuant to 29 U.S.C. section 201, *et seq*.

25   205.    Pursuant to 29 U.S.C. § 256(a), Plaintiff's written consent is attached hereto as Exhibit A

26   and filed concurrently herewith. Therefore, the Collective Action shall be considered to be commenced as

27   to Plaintiff from the day of the filing of this amended complaint.

28   206.    At all times relevant hereto, Defendants employment of Plaintiff and members of the

     Collective Action was covered by the FLSA through enterprise coverage because Defendants have an

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1 | annual dollar volume of sales or business done of at least $500,000.

2 |     207.   At all times relevant herein, 29 U.S.C. § 203(d) of the Fair Labor Standards Act defined

3 | employer as "any person acting directly or indirectly in the interest of an employer in relation to an

4 | employee." 29 U.S.C. § 203(d).

5 |     208.   At all times relevant herein, Defendants acted directly or indirectly in the interest of an

6 | employer in relation to Plaintiff and members of the Collective Action.

7 |     209.   Defendants willfully failed to pay Plaintiff and members of the Collective Action overtime

8 | compensation due under the FLSA in violation of 29 U.S.C. § 207(a) through its conduct alleged above,

9 | including by failing to compensate Plaintiff and members of the Collective Action for all time spent

10 | working under the direction and control of Defendants in excess of forty (40) hours per week.

11 |     210.   At all times relevant herein, Defendants failed to keep records required by the FLSA, in

12 | violation of 29 U.S.C. section 211(c), by failing to keep accurate records of the total hours worked by

13 | Plaintiff and Members of the Collective Action.

14 |     211.   As a result of Defendants' conduct, Plaintiff and members of the Collective Action have

15 | been damaged and are owed overtime compensation pursuant to 29 U.S.C. section 216(b), are entitled to

16 | liquidated damages under 29 U.S.C. section 216(b), are entitled to pre-judgment interest if liquidated

17 | damages are not awarded, and reasonable attorney's fees and costs of suit, pursuant to 29 U.S.C. section

18 | 216(b).

19 |     212.   Plaintiff requests relief as described below

20 | **PRAYER FOR RELIEF**

21 |     WHEREFORE, Plaintiff prays for judgment agai-nst Defendants, jointly and severally, as

22 | applicable, as follows:

23 |     a.   For injunctive relief as provided by the Labor Code to the extent permitted by law

24 |        including, but not limited to, pursuant to section 226(h), and Business and Professions

25 |        Code section 17200 *et seq.*;

26 |     b.   For restitution as provided by Business and Professions Code section 17200 *et seq.*;

27 |     c.   For an order requiring Defendants to restore and disgorge all funds to each affected person

28 |        acquired by means of any act or practice declared by this Court to be unlawful, unfair or

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

43

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

fraudulent and, therefore, constituting unfair competition under Business and Professions Code section 17200 *et seq.*;

d.  For an award of unpaid wages, including regular wages, minimum and overtime wages, meal and rest premium wages to the extent permissible by law to each affected person;

e.  For penalties to the extent permitted pursuant to the Labor Code, Orders of the Industrial Welfare Commission including, but not limited to, waiting time penalties under Labor Code section 203, penalties under Labor Code sections 226(e), 558 and PAGA penalties pursuant to Labor Code section 2698, et seq.;

f.  For an award of penalties incurred under sections 210, 226.3, 226(e), and 1174.5 per underpaid employee pursuant to Labor Code sections 210, 226(e), 226.3, and 1174.5;

g.  For an award of liquidated damages to the extent permissible by Labor Code section 1194.2 and 29 U.S.C. section 216(b);

h.  For penalties incurred under Labor Code section 1197.1 for each underpaid employee per pay period for which the employee was underpaid;

i.  For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code sections 218.6 and 1194;

j.  For civil penalties pursuant to 29 U.S.C. section 216(e)(2);

k.  For reasonable attorney's fees and cost of suit and, to the extent permitted by law, including pursuant to Labor Code sections 218.5, 226, 226(h), 1194, 2698 *et seq.,* Code of Civil Procedure section 1021.5, and 29 U.S.C. section 216(b); and

l.  An award of such other and further relief as this Court deems proper and just.

///
///
///
///
///
///
///

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury to the extent authorized by law.

Respectfully submitted,

Dated: March 20, 2018                    GRAHAM**HOLLIS** APC


By: _Geoff La Val_____
GRAHAM S.P. HOLLIS
GEOFF LA VAL
Attorneys for Plaintiff
WILLIAM MILBURN

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION
COMPLAINT

Graham**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

# EXHIBIT A

### CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I hereby consent to opt-in and serve as the named Plaintiff in the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. Collective Action lawsuit entitled *William Milburn v. PetSmart, Inc.,* filed against my former employer, PetSmart, Inc. ("Defendant"), to secure unpaid overtime pay, liquidated damages, attorney's fees, costs and other relief arising out of my employment.

I understand this lawsuit will be filed in the Superior Court of California County of Fresno on behalf of myself and all other similarly situated employees of the Defendant.

I worked for PetSmart, Inc. from approximately April 2, 2012 until October 31, 2015. During my employment, I was paid as an exempt employee from approximately November 18, 2013 to April 13, 2015, after which I was paid as a non-exempt employee until my employment ended.

I choose to be represented in this matter by the law firm **GRAHAMHOLLIS APC** and other attorneys with whom they may associate.

Name: William Milburn
_____

Signature: _____

Date: 3/8/2018
_____

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

46

FIRST AMENDED CLASS ACTION, PAGA REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT